IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                    Plaintiff,                            REPORT AND
v.                                                                RECOMMENDATION

MATEO MORALES,                                                   07-cr-166-bbc

                    Defendant.
_____

## REPORT

Before the court for Report and Recommendation is defendant Mateo Morales's motion to quash the indictment on the ground of double jeopardy. *See* Dkt. 15. Because the law of this circuit does not support Morales's motion, he agreed to a quick Report and Recommendation to which he will object in order to preserve his record on appeal.

The grand jury has charged Morales with knowingly possessing marijuana while a prisoner at FCI-Oxford. *See* Dkt. 2. Morales contends – and the government does not dispute – that he already has been disciplined by FCI-Oxford for this alleged possession. According to Morales, the institution's imposition of punishment, including loss of good time, entitles him to protection under the double jeopardy clause from criminal indictment for the same conduct.

The law of the circuit is to the contrary:

> Our court and numerous others have held that a prison disciplinary proceeding is no bar to a subsequent criminal prosecution for the same offense.

*Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996).

> We have previously held that prison discipline does not preclude
> a subsequent criminal prosecution or punishment for the same acts.

*Garrity v. Fiedler*, 41 F.3d 1150, 1152 (7th Cir. 2004).

In light of this clear law, this court cannot grant Morales's motion. If he is to obtain relief, it must be at the circuit level.

## RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend this court deny defendant Mateo Morales's motion to quash the indictment.

Entered this 28th day of May, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
120 N. Henry Street, Rm. 540
Post Office Box 591
Madison, Wisconsin 53701

Chambers of
STEPHEN L. CROCKER
U.S. Magistrate Judge

Telephone
(608) 264-5153

May 29, 2008

Elizabeth Altman
United States Attorney's Office
660 West Washington Avenue, #303
Madison, WI 53703

Reed Cornia
Cornia Law, LLC
1213 North Sherman Avenue
P.O. Box 354
Madison, WI 53704

> Re: United States v. Mateo Morales
> Case No. 07-cr-166-bbc

Dear Counsel:

The attached Report and Recommendation has been filed with the court by the United States Magistrate Judge.

The court will delay consideration of the Report in order to give the parties an opportunity to comment on the magistrate judge's recommendations.

In accordance with the provisions set forth in the newly-updated memorandum of the Clerk of Court for this district which is also enclosed, objections to any portion of the report may be raised by either party on or before June 9, 2008, by filing a memorandum with the court with a copy to opposing counsel.

If no memorandum is received by June 9, 2008, the court will proceed to consider the magistrate judge's Report and Recommendation.

Sincerely,

/s/

Connie A. Korth
Secretary to Magistrate Judge Crocker

Enclosures
cc:     Honorable Barbara B. Crabb, District Judge

MEMORANDUM REGARDING REPORTS AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b), the district judges of this court have designated the full-time magistrate judge to submit to them proposed findings of fact and recommendations for disposition by the district judges of motions seeking:

      (1) injunctive relief;

      (2) judgment on the pleadings;

      (3) summary judgment;

      (4) to dismiss or quash an indictment or information;

      (5) to suppress evidence in a criminal case;

      (6) to dismiss or to permit maintenance of a class action;

      (7) to dismiss for failure to state a claim upon which relief can be granted;

      (8) to dismiss actions involuntarily; and

      (9) applications for post-trial relief made by individuals convicted of criminal offenses.

Pursuant to § 636(b)(1)(B) and (C), the magistrate judge will conduct any necessary hearings and will file and serve a report and recommendation setting forth his proposed findings of fact and recommended disposition of each motion.

Any party may object to the magistrate judge's findings of fact and recommended disposition by filing and serving written objections not later than the date specified by the court in the report and recommendation. Any written objection must identify specifically all proposed findings of fact and all proposed conclusions of law to which the party objects and must set forth

with particularity the bases for these objections. An objecting party shall serve and file a copy of the transcript of those portions of any evidentiary hearing relevant to the proposed findings or conclusions to which that party is objection. Upon a party's showing of good cause, the district judge or magistrate judge may extend the deadline for filing and serving objections.

After the time to object has passed, the clerk of court shall transmit to the district judge the magistrate judge's report and recommendation along with any objections to it.

The district judge shall review de novo those portions of the report and recommendation to which a party objects. The district judge, in his or her discretion, may review portions of the report and recommendation to which there is no objection. The district judge may accept, reject or modify, in whole or in part, the magistrate judge's proposed findings and conclusions. The district judge, in his or her discretion, may conduct a hearing, receive additional evidence, recall witnesses, recommit the matter to the magistrate judge, or make a determination based on the record developed before the magistrate judge.

**NOTE WELL: A party's failure to file timely, specific objections to the magistrate's proposed findings of fact and conclusions of law constitutes waiver of that party's right to appeal to the United States Court of Appeals.** *See United States v. Hall,* 462 F.3d 684, 688 (7th Cir. 2006).